UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FARZIN HATAMI, et al.,

   Plaintiffs,

  v.

JELD-WEN, INC, et al.,

   Defendants.

Case No. 26-cv-04217-JST

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**

Re: ECF No. 21

Before the Court is Attorney Andrew Winghart's motion to withdraw as counsel under Civil Local Rule 11-5. ECF No. 21. He states that "[t]he attorney-client relationship between counsel and client has been irreparably impaired and after full and frank discussion, the Clients have approved this withdrawal." *Id*. at 2. According to the attached declaration, Plaintiffs were notified in writing of Winghart's intent to withdraw on June 9, 23, and July 1, 2025. ECF No. 21-1 ¶ 3. Counsel for Defendants was notified of the same via email on July 2, 2026. *Id*. ¶ 5.

On July 2, 2026, Winghart provided Plaintiffs with: "(1) . . . ECF registration links; (2) links to the Court's website; (3) a full status on the briefing on the Motion to Dismiss; (4) notification of all pending deadlines; (5) identification of all outstanding pleadings due; and (6) . . . copies of all pleadings in the case." *Id*. ¶ 6. Plaintiffs "state [that] they intend to represent themselves in this Action." *Id*. ¶ 2.

The Court grants the motion. First, it is not disputed that counsel has provided the required "written notice . . . , reasonably in advance, to the client and to all other parties who have appeared in the case." Civil L.R. 11-5 (a). Second, the Court applies the California Rules of Professional Conduct to determine whether to allow counsel to withdraw. *Sec. & Exch. Comm'n v. YouPlus, Inc.*, No. 5:20-cv 04855-BLF, 2024 WL 3906759, at *1 (N.D. Cal. Aug. 19, 2024). Rule

1.16(b)(9) allows counsel to withdraw if "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act" and Rule 1.16(b)(6) allows withdrawal if "the client knowingly and freely assents to termination of the representation." Counsel has declared under penalty of perjury that "[t]he dispute that has risen between myself and the Plaintiffs raises issues which prevent my Firm from the full, robust, and complete representation which Plaintiffs are entitled to under my ethical obligations." ECF No. 21 ¶ 8. He has likewise declared that Plaintiffs assent to termination of representation. *Id*. ¶ 4.

Rule 1.16(d) requires counsel, prior to withdrawal, to "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e)," which requires counsel to release client materials and property back to the client. Winghart appears to have complied with these requirements.

"The decision to permit counsel to withdraw is within the sound discretion of the trial court." *YouPlus*, 2024 WL 3906759, at *1 (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009)). Given counsel's compliance with the rules set forth above, Plaintiffs' consent, and the "breakdown in the attorney-client relationship," the Court grants the motion to withdraw. *See Pi-Net Int'l, Inc. v. Presidio Bank*, No. 12-cv-04962-TSH, 2018 WL 4521240, at *4 (N.D. Cal. Sept. 19, 2018).

Plaintiffs shall file a notice of appearance on the docket within 28 days of the date of this order. Alternatively, Plaintiffs may file a request within 28 days for additional time to find replacement counsel. If the Court receives neither, the case may be dismissed for failure to prosecute. Unless and until Plaintiffs appear by other counsel or pro se or their claims are dismissed, papers shall continue to be served on Winghart for forwarding to Plaintiffs. Winghart shall forward this order to Plaintiffs and file a proof of service on the docket.

**IT IS SO ORDERED.**

Dated: July 14, 2026



_____
JON S. TIGAR
United States District Judge