UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FARZIN HATAMI, et al.,

Plaintiffs,

v.

JELD-WEN, INC, et al.,

Defendants.

Case No. 26-cv-04217-JST

**ORDER GRANTING DEFENDANT JELD-WEN'S MOTION TO DISMISS**

Re: ECF No. 9

Now before the Court is Defendant Jeld-Wen's motion to dismiss Plaintiff's fraud claim and their prayer for punitive damages. The Court will grant the motion.

Defendants move to dismiss Plaintiffs' fraud claim on the grounds that Plaintiffs' complaint fails to meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. "The elements of fraud are (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably and reasonably relied on the representation; and (5) the plaintiff suffered resulting damages." *Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal. App. 4th 182, 199–200 (2012) (citation omitted). In federal court, "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation modified). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. *Id.* (quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted).

United States District Court
Northern District of California

United States District Court
Northern District of California

Plaintiffs' complaint does not sufficiently allege the who, what, where, or when. The sole allegation in the complaint concerning Jeld-Wen's representations to Plaintiffs is that "Defendant Jeld-Wen made specific representations that their product would meet Plaintiffs' needs and would be appropriate when installed by a specifically identified installer that was 'approved' (or vetted, or trained, etc.) by the Defendant." ECF No. 1-1 ¶ 89. Plaintiffs do not identify who made the representation, when it was made, whether it was made verbally or in writing, or anything else about the circumstances.

Plaintiffs also do not plead that the statement was false when made, i.e., that Jeld-Wen was *aware* of a defect in the door system. That Jeld-Wen may have sold a defective door to the Plaintiffs without knowing of the defect might establish a design defect products liability claim, but not one for fraud. "Products liability law will hold all participants in the distribution chain liable for a defect regardless of whether they knew of the defect." *Lassen v. Nissan N. Am., Inc.*, 211 F. Supp. 3d 1267, 1287 (C.D. Cal. 2016). "By contrast, products liability law's retrospective, open-ended tests for "design defect" do not map to consumer fraud claims, where a defendant's prior knowledge of the defect is an element. To establish their consumer fraud claims, Plaintiffs must show that the manufacturer[] *knew* [its] [doors] were defective before selling them, and concealed or violated a duty to disclose the defect in order to induce Plaintiffs to purchase those [doors]." *Id.* (emphasis in original). Plaintiffs do not plead that Jeld-Wen was aware of any defect when it sold the door to Plaintiffs.

Defendant also moves to dismiss Plaintiffs' claim for punitive damages. The only claim in the complaint that would support an award of punitive damages against Jeld-Wen is Plaintiffs' fraud claim. *See Guadarrama v. Chadorbaff*, No. SA-CV-170645-DOC(JDEX), 2018 WL 5816191, at *9 (C.D. Cal. Apr. 30, 2018) (claim for fraud supports an award of punitive damages). The Court will nonetheless grant Jeld-Wen's motion to dismiss Plaintiffs' punitive damages claim, for two reasons. First, the Court has dismissed Plaintiffs' fraud claim. Second, Plaintiffs have failed to identify any officer, director, or managing agent of Jeld-Wen who committed an act of oppression, fraud, or malice in the allegations of their complaint and therefore cannot seek punitive damages. *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal.

United States District Court
Northern District of California

2020). As *Roper* explains,

> Where a plaintiff proves that the defendant has been guilty of fraud or malice, that plaintiff may recover punitive damages. Cal. Civ. Code § 3294(a). However, a corporate entity cannot commit willful and malicious conduct; instead, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

*Id.* (citation modified).

For the foregoing reasons, Jeld-Wen's motion to dismiss is granted. The Court grants Plaintiffs leave to amend solely to cure the deficiencies identified in this order. An amended complaint is due with 21 days of this order. If no timely amended complaint is filed, the claims for fraud and punitive damages as to Jeld-Wen will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: September 8, 2026

JON S. TIGAR
United States District Judge